**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| MICHAEL A. GRASSO and ROSEANN GRASSO, | : | Case No. _____ |
| Plaintiffs, | : | **JURY TRIAL DEMANDED** |
| | : | |
| - against – | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY HOSPITAL; JEFFERSON UNIVERSITY PHYSICIANS; JEFFERSON UROLOGY ASSOCIATES; and INTUITIVE SURGICAL, INC., | : | |
| Defendants. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF REMOVAL BY DEFENDANT INTUITIVE SURGICAL, INC.

To:     Judges of the United States District Court
        For the Eastern District of Pennsylvania

Defendant Intuitive Surgical, Inc. ("Intuitive Surgical"), by its undersigned attorneys, hereby removes this action, pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, to the United States District Court for the Eastern District of Pennsylvania. As grounds for removal, Intuitive Surgical states as follows:

### NATURE OF THE ACTION

1.      On October 25, 2012, Plaintiffs Michael Grasso and Roseann Grasso ("Plaintiffs") filed a two-page Praecipe to File Complaint – which did not contain any allegations regarding any defendants – in the Pennsylvania Court of Common Pleas for Philadelphia County, Civil Division ("PCCP"). (*See* Praecipe to File Compl., attached hereto as Ex. A.) The Praecipe named Intuitive Surgical; in addition, it named Dr. Leonard Gomella, M.D.; and Defendant Thomas Jefferson University Hospital, Defendant Jefferson University Physicians, and Defendant Jefferson Urology Associates (collectively, the "Pennsylvania Defendants").

2.      After filing the Praecipe, Plaintiffs were afforded a limited amount of time to conduct discovery, including to take the deposition of Dr. Gomella, prior to filing their Complaint.  (*See* Dkt., *Grasso v. Thomas Jefferson Univ. Hosp. et al.*, No. 120902972 (Pa. Cmwlth.), attached hereto as Ex. B.)

3.      Plaintiffs discontinued their claims against Dr. Gomella with prejudice on July 8, 2013.  (*See id.*)

4.      On July 29, 2013, Plaintiffs filed a Complaint in the PCCP against Intuitive Surgical, as well as the Pennsylvania Defendants.  (*See* Compl., attached hereto as Ex. C.)

5.      Plaintiffs allege that Plaintiff Michael Grasso suffered "compensable damages, as well as tremendous pain and suffering and other damages," as a result of a prostatectomy which utilized the ***da Vinci*** Surgical System, a robotic surgical device designed and manufactured by Intuitive Surgical.  (Compl. ¶ 12; *see id.* ¶¶ 6, 8, 9.)

6.      As to all "Defendants" generally, Plaintiffs assert claims for (a) "Strict Product Liability" (*id.*, Count One, ¶¶ 13-41); (b) "Breach of Express Warranty" (*id.*, Count Four, ¶¶ 59-68); (c) "Breach of Implied Warranty" (*id.*, Count Five, ¶¶ 69-76); and (d) "Loss of Consortium" (*id.*, Count Seven, ¶¶ 84-86).

7.      The remaining counts assert claims only as to Intuitive Surgical:  (a) "General Negligence & Negligent Training & Proctoring & Negligent Certification" (*id.*, Count Two, ¶¶ 42-47); (b) "Fraud" (*id.*, Count Three, ¶¶ 48-58); and (c) "Unjust Enrichment" (*id.*, Count Six, ¶¶ 77-83).

8.      On August 16, 2013, the Pennsylvania Defendants filed Preliminary Objections to Plaintiffs' Complaint, arguing that the claims against them are legally insufficient and should be dismissed.  (*See* Pa. Defs.' Objections to Pl.'s Compl., attached hereto as Ex. D.)  As the Pennsylvania Defendants state, "Plaintiff does not allege any other factor caused his personal injuries apart from the malfunction of the ***da Vinci*** Robotic Surgical Device."  (*Id.* ¶ 3.)  They further note that nowhere in Plaintiffs' Complaint do Plaintiffs allege that the Pennsylvania Defendants manufactured, sold, supplied, or distributed the ***da Vinci*** Surgical System.  (*Id.* ¶ 7.)

2

Nor do they allege that the Pennsylvania Defendants were merchants of the **da Vinci** Surgical System. (*Id.* ¶ 9.)

9.      As set forth more fully below, this case is properly removed pursuant to 28 U.S.C. § 1441, because the Court has subject-matter jurisdiction over it, pursuant to 28 U.S.C. § 1332, and Intuitive Surgical has satisfied the procedural requirements for removal.

## I.      REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

10.     The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action between citizens of different States, in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A.      The Amount in Controversy Exceeds $75,000

11.     The amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.  Plaintiffs allege that the damages in this action exceed $50,000.  (*See, e.g.*, Compl. ¶¶ 12, 41.)  It is apparent from the face of the complaint, and the serious injuries alleged, that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs allege that Plaintiff Michael Grasso suffered, *inter alia*, bleeding, bladder spasms, unbearable pain, nerve damage, bladder blockage, depression, anxiety and disfigurement.  (*See, e.g.*, *id.* ¶ 12.)  Plaintiffs further allege that Mr. Grasso suffered "tremendous pain and suffering."  (*See, e.g.*, *id.*)  In addition, Plaintiffs seek to recover past and future compensatory damages, lost wages, and punitive damages.  (*See id.*)  Where, as here, plaintiffs allege that they suffer from serious bodily injuries, courts have readily found that the amount-in-controversy requirement is satisfied.  *See, e.g.*, *Howlett v. Irwin*, Civ. A. No. 10-465, 2011 WL 722373, at *2 (E.D. Pa. Mar. 1, 2011); *Marie v. Sears Auto Repair Ctr.*, Civ. A. No. 10-cv-6535, 2011 WL 198465, at *3 (E.D. Pa. Jan. 20, 2011).

12.     Federal courts, including courts in this district, have similarly concluded that the amount in controversy exceeded $75,000 in product-liability cases.  *See, e.g.*, *Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663 (E.D. Pa. Apr. 22, 2009) (denying motion to remand); *Smith*

3

*v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007) (same); *Quinn v. Kimble*, 228 F. Supp. 2d 1038 (E.D. Mo. 2002) (holding that the amount in controversy was satisfied where plaintiff sought compensation for past and future medical expenses, lost wages, and damages for loss of enjoyment of life); *Haran v. Medtronic, Inc.*, No. 97-C-6459, 1998 WL 575278, at *3 (N.D. Ill. Sept. 3, 1998) (finding, based on alleged damages including physical and emotional harm and economic loss as a result of the implantation of an allegedly defective pacemaker, that there was a reasonable probability that the "gravity of these alleged injuries support an inference that the amount in controversy here is greater than $75,000").

13.     Thus, it is evident from the face of the Complaint that the amount of recovery sought by Plaintiffs exceeds $75,000.

**B.     Complete Diversity of Citizenship.**

14.     Plaintiffs are citizens of New Jersey.  (Compl. ¶ 1.)

15.     Intuitive Surgical is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal office and place of business in California.  It is therefore a citizen of Delaware and California for the purposes of determining diversity.  *See* 28 U.S.C. § 1332(c)(1).

16.     Plaintiffs allege that Thomas Jefferson University Hospital is, and was at the time Plaintiffs commenced this action, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.  (Compl. ¶ 2.)  It is therefore a citizen of the State of Pennsylvania for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

17.     Plaintiffs allege that Jefferson University Physicians is, and was at the time Plaintiffs commenced this action, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.  (Compl. ¶ 3.)  Therefore, it is a citizen of the State of Pennsylvania for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

18.     Plaintiffs allege that Jefferson Urology Associates is, and was at the time Plaintiffs commenced this action, a Pennsylvania corporation with its principal place of business

4

in Philadelphia, Pennsylvania.   (Compl. ¶ 4.)   Therefore, it is a citizen of the State of Pennsylvania for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

19.     Although removal is ordinarily improper where a "properly joined" defendant is a "citizen of the State in which such action is brought," *see* 28 U.S.C. § 1441(b), the citizenship of the Pennsylvania defendants should be ignored because they were fraudulently joined, *see Lopienski v. Centocor, Inc.*, No. 07-4519 (FLW), 2008 WL 2565065, at *2 (D.N.J. June 25, 2008) (explaining that fraudulently joined defendants are ignored for purposes of the forum-defendant rule set out in 28 U.S.C. § 1441(b)); *Clark v. Nat'l Shipping Co. of Saudi Arabia*, 552 F. Supp. 2d 576, 578 (E.D. Va. 2008) (same); *see also Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 673 (E.D. Pa. 2012) (denying motion to remand and holding that finding of fraudulent joinder permits district court to disregard citizenship of non-diverse or forum defendants, assume jurisdiction over action, dismiss any such fraudulently joined defendants, and retain jurisdiction over case); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 294 F. Supp. 2d 667, 679 (E.D. Pa. 2003) (denying motion to remand where defendants were fraudulently joined).

20.     A defendant is fraudulently joined "when there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant."  *Yurcic v. Purdue Pharm., L.P.*, No. 02-CV-3737, 2002 WL 32107939, at *1 (E.D. Pa. Nov. 7, 2002) (citations omitted); *see also UE Group, LLC v. J & B Holding Co.*, No. 09-6088 (JAP), 2010 WL 3937138, at *2 (D.N.J. Oct. 4, 2010) (similar).  In such a case, the resident defendant is deemed a "nominal" party whose citizenship must be disregarded by the district court.  *Lopienski*, 2008 WL 2565065, at *2-3; *see also Roggio v. McElroy, Deutsch, Mulvaney & Carpenter*, 415 F. App'x 432, 433 (3d Cir. 2011) (similar).

*(1)     There Is No Reasonable Basis Supporting Liability Against The Pennsylvania Defendants.*

21.     Although Plaintiffs allege claims for strict liability, breach of express and implied warranties and loss of consortium against the Pennsylvania Defendants, there is no "reasonable basis" supporting Plaintiffs' claims against them under Pennsylvania law.

22.     *First*, no Pennsylvania court would impose strict liability on any of the Pennsylvania Defendants because, under Pennsylvania law, strict-liability claims are barred in product-liability actions involving medical devices.  *See Horsmon v. Zimmer Holdings, Inc.*, No. 11-1050, 2011 U.S. Dist. LEXIS 130415, at *5 (W.D. Pa. Nov. 10, 2011) (Pennsylvania law precluded plaintiff's strict-liability claim against defendant medical device manufacturer); *Burton v. Danek Med., Inc.*, No. 95-5565, 1999 U.S. Dist. LEXIS 2619, at *21-22 (E.D. Pa. Mar. 1, 1999) (granting motion to dismiss strict-liability failure-to-warn, manufacturing and design-defect claims in product-liability action involving allegedly defective orthopedic bone screws).

23.     Even if Plaintiffs were permitted to assert strict-liability claims arising from an alleged defect in the *da Vinci* Surgical System, their claims would be barred for the additional reason that the Pennsylvania Defendants did not manufacture or sell the *da Vinci* Surgical System.  Under Section 402A of the Restatement (Second) of Torts, which Pennsylvania has adopted, a defendant may only be held strictly liable if it is "engaged in the business of selling the product that causes the harm."  *Acevedo v. Start Plastics*, 834 F. Supp. 808, 811 (E.D. Pa. 1993).  "While the term 'sellers' has been interpreted by courts to include retailers and manufacturers, as well as wholesalers, distributors and suppliers in general, there has been no general expansion of this provision to include persons who supply a service."  *Lemley v. J&B Tire Co.*, 426 F. Supp. 1378, 1379 (W.D. Pa. 1977).  Indeed, "[t]o allow strict liability to attach here, where defendant had no involvement with the sale, manufacture or distribution of the [product] in question, would do nothing to further the policy behind strict liability."  *Rotshteyn v. Klos Const., Inc.*, Civ. A. 02-6591, 2004 WL 1125939, at *3 (E.D. Pa. May 20, 2004).

24.     Here, the Pennsylvania Defendants clearly did not sell, manufacture or distribute the *da Vinci* Surgical System, and nowhere in Plaintiffs' Complaint do Plaintiffs allege that they did.  Rather, Plaintiffs' Complaint repeatedly states that *Intuitive Surgical* designed, tested, manufactured, marketed, advertised, promoted, distributed, and/or sold the *da Vinci* Surgical System.  (*See* Compl. ¶¶ 15, 17, 20, 22, 23, 43.)  Moreover, Plaintiffs' Complaint contains no factual allegations stating how the Pennsylvania Defendants placed the *da Vinci* Surgical System

6

into the stream of commerce (because they did not). Plaintiffs' bald, conclusory and wholly unsupported statement that the Pennsylvania Defendants placed the *da Vinci* Surgical System into the stream of commerce cannot support a strict-liability claim against them. *See Myers v. Ridge*, 712 A.2d 791, 794 (Pa. 1998); *see also Rotshteyn*, 2004 WL 1125939, at *3 (granting summary judgment where plaintiffs did not produce "evidence to show that the particular [product] that injured decedent was sold, manufactured, or distributed by defendant"); *McCafferty v. Raytheon*, Nos. 03-CV-6729, 03-CV-6730, 03-CV-6731, 2004 U.S. Dist. LEXIS 16686, at *5-6 (E.D. Pa. Aug. 18, 2004) (defendant that neither manufactured nor sold allegedly defective steel was fraudulently joined in product-liability action where plaintiff alleged, *inter alia*, strict-liability and negligence claims); *Mangabat v. Sears Roebuck & Co.*, No. 92-1742, 1992 U.S. Dist. LEXIS 15521, at *11-12 (E.D. Pa. Sept. 18, 1992) ("Because Sears did not manufacture, supply, or sell the product which ultimately caused the injury, Pennsylvania law does not permit Sears to be held strictly liable for failure to warn[.]"). For all of these reasons, Plaintiffs' cause of action for strict liability against the Pennsylvania Defendants has no possibility of success.

25. **Second**, Plaintiffs' claims against the Pennsylvania Defendants for breach of express and implied warranty similarly have no prospect of success because the Pennsylvania Defendants are not sellers of the *da Vinci* Surgical System. Pennsylvania law provides that warranties are only given by a "seller." *See* 13 Pa. Stat. Ann. § 2313(a)(1) ("Any affirmation of fact or promise made by the *seller* to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." (emphasis added)); 13 Pa. Stat. Ann. § 2314(a) ("a warranty that the goods shall be merchantable is implied in a contract for their sale if the *seller* is a merchant with respect to goods of that kind" (emphasis added)); 13 Pa. Stat. Ann. § 2315 (implied warranty of fitness for a particular purpose is created by "*the seller*" (emphasis added)). In other words, "liability [can only] attach[] to the seller of the product." *Yurcic v. Purdue Pharma, L.P.*, 343 F. Supp. 2d 386, 397 (M.D. Pa. 2004) ("[T]he Abbott Defendants cannot be construed as sellers of

OxyContin, and the breach of warranty claim against them must therefore fail[.]"); *see also, e.g.*, *Konold v. Super. Int'l Indus. Inc.*, 911 F. Supp. 2d 303, 313 (W.D. Pa. 2012); *Davis v. Lowe's Home Ctrs., Inc.*, No. 09-5367, 2011 WL 3862192, at *2 (E.D. Pa. Sept. 1, 2011) ("[A]ny claim arising from a breach of warranty must fail.  The laws of breach of warranty, whether express or implied, apply only to sellers." (citation omitted)); *Rotshteyn*, 2004 WL 1125939, at *3 ("Defendant is not liable under a breach of warranty theory because 13 Pa. Cons. Stat. Section 2318 applies only to sellers.").  Applying this rule, courts have consistently rejected warranty claims against a defendant that did not sell the product giving rise to the plaintiff's suit.  *See, e.g.*, *Konold*, 911 F. Supp. 2d. at 313-14 (plaintiff did not state a cause of action for breach of implied warranty because defendant did not sell the product at issue); *Rotshteyn*, 2004 WL 1125939, at *3 (granting summary judgment in product-liability case on plaintiffs' breach of express and implied warranty claims because defendant was not a seller of the product); *Evermon-Muniz v. McDonald's Corp.*, No. 10-533, 2011 U.S. Dist. LEXIS 10568, at *3-4 (E.D. Pa. Feb. 2, 2011) (granting defendant summary judgment with respect to claims for, *inter alia*, breach of implied warranty "because it is undisputed that [defendant] did not manufacture, design, sell, supply, or distribute the product in question").

26.    Here, as noted above, the Pennsylvania Defendants do not sell or contract to sell the **da Vinci** Surgical System; rather, they provide medical services using the device.  Thus, Counts Four and Five do not state causes of action for breach of express or implied warranty against the Pennsylvania Defendants.

27.    **Third**, Plaintiffs' claim against the Pennsylvania Defendants for loss of consortium cannot succeed because it is derivative of plaintiffs' other claims against the Pennsylvania Defendants, which are themselves invalid.  *See Balletta v. Spadoni*, 47 A.3d 183, 201 (Pa. Cmwlth. 2012) ("[T]he loss of consortium claim is a derivative claim, which hinges on the success of the underlying claim."); *Boarts v. McCord*, 354 Pa. Super. 96, 105 (1986); *Scattaregia v. Shin Shen Wu*, 343 Pa. Super. 452, 456, 495 (1985).

28.     For all of these reasons, there is no possibility that Plaintiffs would prevail on any of their claims against the Pennsylvania Defendants, and the Pennsylvania Defendants have been fraudulently joined.

> *(2)   Plaintiffs Do Not Segregate Their Legal Allegations Against The Pennsylvania Defendants – Or Support Them With Any Specific Facts – Further Demonstrating That They Were Fraudulently Joined.*

29.     Plaintiffs' failure to allege facts supporting their claims against the Pennsylvania Defendants or to segregate their legal allegations against these defendants further demonstrates that the Pennsylvania Defendants are fraudulently joined.  Plaintiffs' 86-paragraph Complaint contains only six paragraphs that refer specifically to the Pennsylvania Defendants, and these paragraphs merely set out their citizenship, assert that Mr. Grasso's surgery took place at the Thomas Jefferson University Hospital, and baldly state that they placed the ***da Vinci*** Surgical System into the stream of commerce.  (*See* Compl. ¶¶ 2-4, 14, 17, 79.)   Moreover, all of Plaintiffs' legal allegations are targeted at "defendants" generally – rather than any of the Pennsylvania Defendants in particular.   In their cause of action for strict liability, for example, Plaintiffs make only broad, collective and conclusory claims, lumping the Pennsylvania Defendants together with Intuitive Surgical.  (*See, e.g.*, Compl. ¶ 41 ("Defendants' conduct in continuing to market, sell and distribute the aforesaid devices after obtaining knowledge they were defective and not performing as represented and intended showed complete indifference to and/or a conscious disregard for the safety of others[.]").)  Likewise, with regard to their claims for breach of warranties, Plaintiffs make only generic allegations against all "defendants."  (*See, e.g.*, *id.* ¶ 60 ("All Defendants made express warranties of safety to the buyers and consumers of the device utilized during Plaintiff's Michael Grasso surgery[.]"); *id.* ¶ 61 ("Defendants represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, surgeon training sessions, publications, notice letters, and regulatory submissions that the Da Vinci Robotic prostate was safe[.]").)

30.     As numerous courts have found, the fact that Plaintiffs' legal allegations are targeted at "defendants" generally, rather than any of the Pennsylvania Defendants in particular,

further demonstrates that they were fraudulently joined. *See, e.g.*, *Beavers v. DePuy Orthopaedics, Inc.*, No. 1:11 dp 20275, 2012 WL 1945603 (N.D. Ohio May 30, 2012) (finding distributor fraudulently joined in ASR hip implant case where plaintiffs' 89-paragraph complaint only mentioned the distributor twice, with the remainder of the paragraphs "fail[ing] to distinguish between the DePuy Defendants' allegedly wrongful acts and those of [the distributor]"); *Shah v. Wyeth Pharms., Inc.*, No. CV 04-8652 DT (MANx), 2005 WL 6731641, at *3 (C.D. Cal. Jan. 18, 2005) ("allegations against 'defendants' collectively are insufficient to warrant remand, especially when Plaintiffs fail to allege any 'particular or specific activity'" on the part of each of the non-diverse defendants (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 391-92 (5th Cir. 2000))); *Gomes v. Michaels Stores, Inc.*, No. S-06-1921 LKK/KJM, 2006 U.S. Dist. LEXIS 81354, at *5-7 (E.D. Cal. Oct. 27, 2006) (dismissing non-diverse defendant and refusing to remand case where plaintiff generally "state[d] that all defendants' acts 'were performed partly within and partly outside the course and scope of their authority and employment'" but did not include any specific allegations about the non-diverse defendant (citing complaint)); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, MDL No. 1407, No. C02-423R, 2002 WL 34418423, at *2, *3 (W.D. Wash. Nov. 27, 2002) (denying remand in case involving local pharmacy; allegations directed toward "defendants" or "all defendants" could not reasonably be interpreted to include the store); *Bennett v. Allstate Ins. Co.*, 753 F. Supp. 299, 301 (N.D. Cal. 1990) (denying motion to remand because, *inter alia*, plaintiff's complaint made "no attempt" to "differentiate between the conduct" of the defendants); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002) (finding fraudulent joinder of non-manufacturer defendants where complaints were "filled . . . with general statements levied against all defendants, which most properly can be read as stating claims against the drug manufacturers").

31.    For this reason too, there is no possibility that Plaintiffs would prevail on any of their claims against the Pennsylvania Defendants, and the Pennsylvania Defendants have been fraudulently joined.

## II. INTUITIVE SURGICAL HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

32. Plaintiffs filed their Complaint on July 29, 2013.[1] Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

33. This action, filed in the PCCP, is being removed to the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441(a).

34. No previous application has been made for the relief requested herein.

35. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders received by Intuitive Surgical, which papers include the praecipe, summons, complaint, order dismissing Dr. Gomella from the case, and the Pennsylvania Defendants' preliminary objections, are attached as Exhibit A-E.[2]

36. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the PCCP. Written notice of removal is also being given to Plaintiffs, by and through their attorneys of record.

37. Intuitive Surgical reserves the right to amend or supplement this Notice of Removal.

---

[1] As noted above, Plaintiffs filed a two-page Praecipe to File Complaint – which did not contain any allegations against the named defendants – on October 25, 2012. However, the filing of the Praecipe does not trigger the 30-day timeline for removal set forth in 28 U.S.C. § 1446(b). *See Sikirica v. Nationwide Ins. Co.*, 416 F. 3d 214 (3d Cir 2005). 28 U.S.C. § 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction. *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993), *overruled on other grounds as stated in Sacko v. Greyhound Lines, Inc*., No 13-cv-1966, 2013 U.S. Dist. LEXIS 77267, at *5-6 (E.D. Pa. May 30, 2013). The "'thirty-day period begins to run when a defendant can reasonably and intelligently conclude'" that a basis for removal exists. *Funk v. Proconex, Inc.*, No. 09-773, 2009 WL 1563916, at *1 (E.D. Pa. June 3, 2009) (citation omitted). For example, in *Funk v. Proconex, Inc.*, the Court held: "[U]ntil the amended complaint was filed on February 16, 2009, defendant could not have reasonably concluded that plaintiff intended to pursue a Title VII claim in addition to the PHRA claim asserted in the original complaint. Therefore, the February 24, 2009 removal was timely, and plaintiff's motion to remand must be denied." *Id.* at *1. Likewise, here, Intuitive Surgical could not have reasonably concluded from Plaintiffs' two-page Praecipe that Plaintiffs did not have colorable claims against the Pennsylvania Defendants; it was only when Plaintiffs filed their Complaint that Intuitive Surgical became aware of its grounds for removal.

[2] Exhibit E contains the PCCP record in its entirety.

38.     If any question arises as to the propriety of the removal of this action, Intuitive Surgical requests the opportunity to present a brief and request oral argument in support of removal.

WHEREFORE, Intuitive Surgical respectfully removes this action from the Pennsylvania Court of Common Pleas for Philadelphia County, bearing Number 120902972, to this Court.

Respectfully submitted,

GOODELL, DEVRIES, LEECH
& DANN, LLP

Dated: August 19, 2013          By: /s/ Robert A. Limbacher
                                Robert A. Limbacher, Esq. (PA ID No. 35796)
                                Shevon Rockett (PA ID #208550)
                                One Commerce Square
                                2005 Market Street, Suite 1940
                                Philadelphia, PA 19103
                                Telephone: 267.765.3600
                                Facsimile: 267.765.3636

                                Stephen J. Harburg (PA ID #44978)
                                SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                LLP
                                1440 New York Avenue, N.W.
                                Washington, D.C. 20005
                                Telephone: 202.371.7470
                                Facsimile: 202.661.2307

                                *Attorneys for Defendant Intuitive Surgical, Inc.*

## CERTIFICATE OF SERVICE

I, Robert A. Limbacher, hereby certify that I caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be served this day via Federal Express, postage prepaid, upon the following:

Derek R. Layser, Esquire
**Layser & Freiwald**
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102
*Attorney for Plaintiffs*


Donald N. Camhi, Esquire
**Post & Schell, P.C.**
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
*Attorney for Defendants Thomas Jefferson*
*University Hospital, Jefferson University*
*Physicians and Jefferson Urology Associates*


Dated: August 19, 2013

/s/ Robert A. Limbacher
 Robert A. Limbacher