# EXHIBIT C

**LAYSER & FREIWALD, P.C.**
By:      Derek R. Layser, Esquire
Attorney I.D. No. 54938
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102
(215) 875-8000                                    Attorney for Plaintiffs



Filed and Attested by
PROTHONOTARY
29 JUL 2013 10:50 am
A. STAMATO

---

| | | |
|---|---|---|
| MICHAEL A. GRASSO and | : | COURT OF COMMON PLEAS |
| ROSEANN GRASSO | : | |
| 148 Southard Drive | : | PHILADELPHIA COUNTY |
| Manahawkin, NJ 08050 | : | |
| | : | SEPTEMBER TERM, 2012 |
| v. | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY | : | NO.  002972 |
| HOSPITAL | : | |
| 111 South 11th Street | : | |
| Philadelphia, PA 19107 | : | |
| and | : | **JURY TRIAL DEMANDED** |
| JEFFERSON UNIVERSITY PHYSICIANS | : | |
| 833 Chestnut Street, Suite 630 | : | |
| Philadelphia, PA 19107-4416 | : | |
| and | : | |

## CIVIL ACTION COMPLAINT
## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.**

Philadelphia Bar Association Lawyer Referral
and Information Center
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 120902972

JEFFERSON UROLOGY ASSOCIATES :
833 Chestnut Street, Suite 703 :
Philadelphia, PA 19107 :
     and :
INTUITIVE SURGICAL, INC. :
1266 Kiefer Road, # 101 :
Sunnyvale, CA 94086 :

## CIVIL ACTION - COMPLAINT

1.     Plaintiffs, Michael A. Grasso and Roseann Grasso, are adult residents and citizens of the State of New Jersey, residing at 148 Southard Drive, Manahawkin, NJ 08050.

2.     Defendant, Thomas Jefferson University Hospital, is a Pennsylvania Corporation and/or other jural entity which owns, operates, and controls a hospital providing medical services located at 111 South 11th Street, Philadelphia, PA 19107.

3.     Defendant, Jefferson University Physicians, is a professional corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, and is engaged in the business of providing health care and service to the public, maintaining its place of business at 833 Chestnut Street, Suite 630, Philadelphia, PA 19107-4416.

4.     Defendant, Jefferson Urology Associates, is a professional corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, and is engaged in the business of providing health care and service to the public, maintaining its place of business at 833 Chestnut Street, Suite 703, Philadelphia, PA 19107-4416.

5.     Defendant, Intuitive Surgical, Inc. is a California corporation which conducts business in the City and County of Philadelphia with co-defendants and others.

6.     On September 28, 2010, plaintiff, Michael Grasso, underwent surgery for prostate cancer at defendant, Thomas Jefferson University Hospital.

7.      Dr. Lallas initiated the surgery with the DaVinci Robotic Surgical device manufactured by defendant, Intuitive Surgical, Inc.

8.      Dr. Gomella's surgical note for the September 28, 2010 surgery indicates that the robotic surgical device manufactured by defendant Intuitive Surgical, Inc. malfunctioned.

9.      As a result of the documented malfunction of the device manufactured, sold and distributed by defendant, Intuitive Surgical, Inc., Mr. Grasso's surgery lasted much longer than anticipated.

10.     Following the September 28, 2010 surgery, Mr. Grasso has required multiple additional surgeries and complications and conditions more accurately described below.

11.     All of the complications and injuries described herein are as a result of the negligence or other tortious conduct of the defendants.

12.     As a result of the tortious conduct of Defendants, individually and collectively, Plaintiff has suffered compensable damages, as well as tremendous pain and suffering and other damages, including the following:

    (a)     bleeding caused by malfunction of the robotic surgical device;

    (b)     bladder spasms;

    (c)     secondary bleed due to malfunction of robotic surgery device;

    (d)     unbearable pain;

    (e)     nerve damage to knees;

    (f)     passing a metal clip through urethra;

    (g)     need for additional surgeries in November 2010, December 2010 and January 2011 due to bladder blockage;

    (h)     bladder blockage as a result of bleed from surgical device;

2

Case ID: 120902972

(i)     nerve damage in right leg due to extensive length of surgery caused by product malfunction;

(j)     nerve damage in left leg due to extensive length of surgery caused by product malfunction;

(k)     nerve damage in left arm due to extensive length of surgery caused by product malfunction;

(l)     compressive neuropathy at knees due to extensive length of surgery caused by product malfunction;

(m)    bladder/neck contracture;

(n)     anxiety;

(o)     nervousness;

(p)     depression;

(q)     lower extremity injuries;

(r)     prolonged hospitalizations and rehabilitation;

(s)     physical therapy;

(t)     multiple consultations;

(u)     multiple tests;

(v)     other injuries and conditions documented in medical records;

(w)    loss of chance for full recovery;

(x)     past pain and suffering;

(y)     future pain and suffering;

(z)     past medical expenses;

3

Case ID: 120902972

Case ID: 120902972

(aa)    future medical expenses;

(bb)    future medical treatment;

(cc)    past mental anguish;

(dd)    future mental anguish;

(ee)    embarrassment;

(ff)    disfigurement;

(gg)    humiliation;

(hh)    loss of earning capacity;

(ii)    loss of life's pleasures;

(jj)    incidental and other expenses;

(kk)    past lost wages; and

(ll)    future lost wages;

WHEREFORE, Plaintiffs respectfully demand judgment against Defendants individually, jointly, and severally for sums in excess of the local arbitration limits and in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of costs, pre-judgment interest, and post-judgment interest.

## COUNT ONE - STRICT PRODUCT LIABILITY
### Plaintiffs v. All Defendants

13.    Plaintiffs incorporate by reference each and every paragraph of this Complaint as though set forth in full in this cause of action.

14.    All Defendants, including Thomas Jefferson University Hospital, Jefferson University Physicians, Jefferson Urology Associates and Intuitive Surgical, Inc., placed into the stream of

4

commerce the aforesaid DaVinci surgical device which was defective in design, as previously pleaded.

15.    Defendant, Intuitive Surgical, Inc., owed Plaintiffs a duty to exercise reasonable care when designing, testing, manufacturing, marketing, advertising, promoting, distributing, and/or selling DaVinci Robots for prostate surgery.

16.    At all relevant times to this action, all Defendants owed a duty to properly warn Plaintiff, the medical community, and the Public of the risks, dangers and adverse side effects of the DaVinci Robotic prostate surgery platform.

17.    Defendant, Intuitive Surgical, Inc. breached its duty by failing to exercise ordinary care in the preparation, design, research, testing, development, manufacturing, inspection, labeling, marketing, promotion, advertising and selling of DaVinci Robotic Surgery, as set forth below:

a. Failing to test DaVinci Robotic Prostate surgery properly and thoroughly before promoting the robotic surgical platform using monopolar current to the market;

b. failing to analyze properly and thoroughly the data resulting from the pre-marketing tests of monopolar current used in the DaVinci Robotic Prostate surgery;

c. failing to report to the FDA, the medical community, and the general public those data resulting from pre- and post-marketing tests of the DaVinci Robotic Prostate surgery platform which indicated risks associated with its use;

d. failing to conduct adequate post-market monitoring and surveillance of post-surgical complications associated with the DaVinci Robotic Prostate surgery platform using monopolar current;

e. failing to conduct adequate analysis of adverse event reports;

Case ID: 120902972

f. failing to prevent operative malfunction on 9/28/10;

g. failing to prevent malfunction of device in Plaintiff's surgery at Thomas Jefferson

   University Hospital;

h. designing, manufacturing, marketing, advertising, distributing and promoting the DaVinci

Robotic Prostate surgery directly to consumers, including Plaintiff, without adequate warning

of the significant and dangerous risks of monopolar current and the DaVinci Robotic Prostate

surgery Platform and without proper instructions to avoid the harm which could foreseeably

occur as a result of using monopolar energy on the existing DaVinci Robotic Prostate surgery

platform;

i. failing to exercise due care when advertising and promoting DaVinci Robotic Prostate

surgery;

j. negligently continuing to manufacture, market, advertise, and promote DaVinci Robotic

Prostate surgery after Defendant knew or should have known of the risks of serious injury

and/or death associated with using monopolar current to perform certain aspects of the

surgery including the colpotomy incision;

k. failing to use due care in the preparation and development of the DaVinci Robotic Prostate

surgery to prevent the aforementioned risk of injuries to individuals through the use of

monopolar current;

l. failing to use due care in the design of the DaVinci Robotic Prostate surgery platform with

special regard to the insulation of the robotic arms and instruments to prevent the

aforementioned risk of injuries to individuals during the routine course of surgery;

6

m. failing to conduct adequate pre-clinical testing and research to determine the safety of the use of monopolar current and the insulation of the robotic instruments to be used in robotic prostate surgery, with special regard to the reusing of the instruments up to ten times in ten different patients;

n. failing to conduct adequate intra-operative surveillance and post operative complication studies to determine the safety of the use of monopolar energy during the surgical robotic prostate surgery procedure taught by INTUITIVE SURGICAL INC., while defendant knew or should have known that intra-operative surveillance and post-operative complication analysis would be the only means to determine the relative risk of using monopolar during important surgical steps when performing a robotic prostate surgery with specific attention to the risks of performing a colpotomy incision or an amputation of the uterus, causing severe thermal injury to bladder, ureter, bowel, vaginal cuff, and blood vessels, in the absence of clinical trials which cannot be conducted for this purpose, and that such surveillance would be necessary for a due diligence program that would alert defendant to the need to change the technique for the use of monopolar current or to withdraw it from the market altogether;

o. failing to completely, accurately and in a timely fashion, disclose the results of the pre-marketing testing of issues with monopolar energy and post-marketing surveillance of monopolar energy related injuries and complications to Plaintiff, consumers, the medical community, and the FDA;

p. failing to accompany marketing materials promoting the DaVinci Robotic Prostate surgery platform using monopolar current with proper warnings regarding all possible adverse side effects associated with the use of the same;

Case ID: 120902972

q. failing to use due care in the manufacture, inspection, and safety evaluation of the DaVinci Robotic Prostate surgery platform to prevent the aforementioned risk of injuries to individuals who underwent a DaVinci Robotic Prostate surgery;

r. failing to use due care in the promotion of DaVinci Robotic Prostate surgery to prevent the aforementioned risk of injuries to individuals when the drugs were ingested;

s. failing to use due care in the sale and marketing of the DaVinci Robot to prevent the aforementioned risk of injuries to individuals who were to undergo robotic prostate surgery;

t. failing to use due care in the selling of the monopolar scissors to prevent the aforementioned risk of injuries to individuals who underwent DaVinci Robotic Prostate surgery;

u. failing to provide adequate and accurate training and information to the sales representatives who sold the DaVinci Robot;

v. failing to provide adequate and accurate training and information to healthcare providers for the appropriate use of the DaVinci Robot for hysteretomy;

w. failing to conduct or fund research into the development of safer robotic surgical instruments which would pose the least risk of causing severe thermal injury to bowel, bladder, ureter, and blood vessels;

x. failing to educate healthcare providers and the public about the safest use of the monopolar scissors in DaVinci Robotic surgery;

y. failing to give healthcare providers adequate information to weigh the risks of serious injury and/or death for a given patient using the DaVinci Robotic Prostate surgery platform and technique featuring the use of monopolar current; and,

8

Case ID: 120902972

18.    All Defendants placed into the stream of commerce the aforesaid device, which was defective in its labeling and warnings, as previously pleaded.

19.    All Defendants placed into the stream of commerce the aforesaid device, which was defective in its testing and approval, as previously pleaded.

20.    At the time the device left the possession of defendant, Intuitive Surgical, Inc., it was in an unreasonably dangerous and defective condition for application for robotic prostate surgery using monopolar energy.

21.    Despite the fact that all Defendants knew or should have known that the DaVinci Robotic Prostate surgery platform using monopolar current had increased the risk of serious injury and/or death, all defendants continued to promote and market the DaVinci Robotic Prostate surgery to consumers, including Plaintiff, when safer and more effective methods of treatment were available.

22.    Defendant, Intuitive Surgical, Inc., designed, tested, manufactured, packaged, marketed, distributed, promoted, and sold the DaVinci Robot, placing the DaVinci Robotic Prostate surgery into the stream of commerce.

23.    The DaVinci Robot was designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed by Defendant, Intuitive Surgical, Inc. in a defective and unreasonably dangerous condition to consumers, including the Plaintiff.

24.    The DaVinci Robot was expected to reach, and did reach, users and/or consumers, including Plaintiff, without substantial change in the defective and unreasonably dangerous condition in which it was manufactured and sold.

9

Case ID: 120902972

25.     Plaintiff's surgeon used the DaVinci robotic Prostate surgery platform including monopolar current as instructed by and certified by and in the foreseeable manner normally intended, recommended, promoted, and marketed by Defendant, Intuitive Surgical, Inc.

26.     The DaVinci Robotic Prostate surgery platform was unreasonably dangerous in that, as designed, it failed to perform safely when used by ordinary consumers, including Plaintiff's surgeon, including when it was used as intended and in a reasonably foreseeable manner.

27.     The DaVinci Robotic Prostate surgery was unreasonably dangerous in that, as designed, the risks of serious injury and/or death, including bowel, bladder, ureteral, vaginal cuff, or vascular injury, posed by its monopolar current risks exceeded any benefit the Robotic approach was designed to or might in fact bestow.

28.     The DaVinci Robotic Prostate surgery platform was unreasonably dangerous in that, as designed, it was dangerous to an extent beyond that contemplated by the medical community, and ordinary regulars, including the Plaintiff.

29.     The DaVinci Surgical Robot was defective in its design in that it neither bore, nor was packaged with, nor accompanied by, warnings adequate to alert the medical community, including Plaintiff's surgeon, to the risks described herein, including, but not limited to, the risk of serious injury and/or death, including bowel, bladder, ureteral, or vascular injury, posed by its monopolar current risks. The DaVinci Robot was not accompanied by adequate labeling, instructions for use and/or warnings to fully apprise the medical, hospital, operating room and/or scientific communities, and potential patients, including Plaintiff, of the potential risks and serious side effects associated with its use, thereby rendering Defendant liable to the Plaintiff.

30.     There were safer alternative energy modalities available including bipolar energy and ultrasonic energy.

10

Case ID: 120902972

31.     Monopolar energy, as used and taught on the DaVinci Robotic Prostate surgery platform, was unsafe for normal or reasonably anticipated use in performing the colpotomy incision or the amputation of the uterus.

32.     In light of the potential and actual risk of harm associated with the use of monopolar energy so close to bowel, bladder, ureter, vaginal cuff, and blood vessels, a reasonable person who had actual knowledge of this potential and actual risk of harm would have concluded that the DaVinci Robotic Prostate surgery platform should not have been marketed in that condition.

33.     Although Defendants knew or should have known of the defective nature of its DaVinci Robotic Prostate surgery platform using monopolar current, it continued to design, manufacture, market, and promote the use of it's DaVinci Robotic Prostate surgery platform so as to maximize sales and profits at the expense of the public health and safety. Defendant thus acted with conscious and deliberate disregard of the foreseeable harm caused by the continued use of monopolar energy on its robotic platform.

34.     Plaintiff could not, through the exercise of reasonable care, have discovered the risk of serious injury and/or death associated with and/or caused by the DaVinci Robotic Prostate surgery platform featuring monopolar current. Plaintiff, if aware of these additional risks, could have chosen surgical procedures with similar efficacies but without these additional risks. As a result, Plaintiff suffered the personal injuries described herein.

35.     Information given by Defendant to the medical community and to the consumers concerning the safety and efficacy of the DaVinci Robotic Prostate surgery platform, especially the information contained in the advertising and promotional materials, did not accurately reflect the serious and potentially fatal side effects.

11

Case ID: 120902972

36.    Had adequate warnings and instructions been provided, Plaintiff's surgeon would not have suggested a robotic approach, and Plaintiff would have had at a much lower risk of the harmful side effects described herein.

37.    As a direct and proximate consequence of Defendant's negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, the Plaintiff, Michael Grasso, sustained injuries and damages alleged herein.

38.    By reason of the foregoing and defendant's aforesaid conduct, among other things, the plaintiff Michael Grasso suffered injuries which caused  him to undergo multiple additional surgeries, endured pain and suffering and will continue to do so in the future, has suffered mental anguish and will continue to do so in the future and has incurred medical expenses.

39.    Plaintiff has incurred and is liable for certain expenses, including hospital, surgical and medical treatment and transportation costs as a result of, among other things, defendant's tortious conduct.

40.    As a result of its said conduct, all Defendants are strictly liable to plaintiff.

41.    All Defendants' conduct in continuing to market, sell and distribute the aforesaid devices after obtaining knowledge they were defective and not performing as represented and intended, showed complete indifference to and/or a conscious disregard for the safety of others justifying an award of punitive damages for aggravating circumstances in such a sum which will serve to deter defendant and others from similar conduct in the future.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendants individually, jointly, and severally for sums in excess of the local arbitration limits and in excess of Fifty

Case ID: 120902972

Thousand ($50,000.00) Dollars, exclusive of costs, pre-judgment interest, and post-judgment interest.

## COUNT II - GENERAL NEGLIGENCE & NEGLIGENT TRAINING
## & PROCTORING & NEGLIGENT CERTIFICATION
### Plaintiffs v. Defendant, Intuitive Surgical, Inc.

42.    Plaintiff repeats, reiterates and realleges each and every allegation and cause of action contained herein as if the same were set forth more fully at length herein.

43.    Defendant, Intuitive Surgical, Inc. was careless in the design, testing, manufacturing, labeling and promotion of its aforesaid device, as pleaded in previous paragraphs.

44.    In specific, Defendant failed to warn users and consumers of the risk of complications associated with the use of its said device, risks of monopolar current use, including the damage to the bladder, bowel, ureter, vaginal cuff, and blood vessels; the bladder and ureter which was a proximate cause of Plaintiff's Michael Grasso multiple surgeries and long term pain and suffering.

45.    Defendant took it upon itself to "train" and "certify" Plaintiff's surgeon on the use of the DaVinci Robotic Prostate surgery platform using monopolar current.  Upon belief the Defendant specifically trained Plaintiff's surgeon on the use of monopolar current via operative endoshear scissors during the dissection of the bladder and the colpotomy incision.

46.    Defendant did not properly proctor and/or properly instruct Plaintiff's surgeons and attending staff as to the safe use of its device nor how to detect complications which its said device causes and is known to cause.

47.    Defendant had a financial incentive to promptly train, proctor, and certify Plaintiff's surgeon without regard to whether or not Plaintiff's surgeon was truly skilled and competent on the DaVinci Robotic Prostate surgery platform.

Case ID: 120902972

## COUNT III - FRAUD
### Plaintiffs v. Defendant, Intuitive Surgical, Inc.

48.    Plaintiff repeats, reiterates and realleges each and every allegation and cause of action set forth herein as if the same were set forth more fully at length herein.

49.    Defendant misrepresented the safety and comparative efficacy of its device, upon which decedent's surgeons relied, to decedent's detriment.

50.    Defendant misrepresented the safety and comparative efficacy of its device, upon which the hospital and surgery department where decedent was operated on relied, in purchasing and using the device, to Plaintiff's detriment.

51.    Defendant was aware, or should have been aware, of the known dangers of monopolar current in regard to unsuspected current leaving the shaft of a poorly insulated instrument. Furthermore, Defendant suggested to Hospitals that multiple uses of the robotic instruments could be done yet Defendant did so without regard to re-testing of the insulation along the shaft of their robotic instruments or at the wrist of the robotic instrument.

52.    Defendant was aware, or should have been aware, of the known dangers of monopolar current in regard to capacitive coupling, which like insulation failure can cause a thermal injury to occur in adjacent structures like bowel, bladder, ureter, vaginal cuff, or blood vessel.

53.    Defendant was aware that there were safer energy modalities including ultrasonic energy and bipolar energy, yet maintained teaching the use of monopolar current in the DaVinci Robotic Prostate surgery.  Defendant did so based on not wanting to pay for the cost of having to license these safer energy technologies.

14

Case ID: 120902972

54.      Defendant was also aware, or should have been aware, of the Active Electrode Monitoring System, or AEM Technology, which shields and monitors instruments continuously directing stray energy, the cause of stray electrosurgical burns, away from the patient.  With the AEM system, the patient is never at risk for stray electrosurgical burns due to insulation failure and capacitive coupling.  Despite having specific knowledge of this safety system the Defendant choose not to purchase it for it's DaVinci Robotic Prostate surgery platform using monopolar current.

55.      Further, defendant concealed from consumers and users, including those mentioned in the preceding paragraphs, the risks of complications of which it was aware, which would have been material to consumers and users in making the decision to use the said device.

56.      Further, defendant suppressed reports of adverse outcomes with the use of its device, which would have been material to consumers and users in making the decision to use the said device.

57.      Further, defendant over-promoted its device and minimized its risks, for the purpose of making sales of its device, its maintenance, and the use of replaceable parts, and skewed the cost-benefit ratio inaccurately in its favor.

58.      The said conduct was so willful, wanton, malicious and reckless that it merits the imposition of punitive damages.

## COUNT IV -  BREACH OF EXPRESS WARRANTY
### Plaintiffs v. All Defendants

59.      Plaintiff repeats, reiterates and realleges each and every allegation and cause of action set forth herein as if the same were set forth more fully at length herein.

60.      All Defendants made express warranties of safety to the buyers and consumers of the device utilized during Plaintiff's Michael Grasso surgery, upon which the buyers and users, as agents of

15

Case ID: 120902972

Plaintiff Michael Grasso, relied, to his detriment. Defendant expressly represented to the Plaintiff Michael Grasso (and to other consumers and the medical community) that the DaVinci robotic prostate surgery was safe, efficacious and fit for its intended purposes that it was of merchantable quality, that it did not produce any unwarned-of dangerous side effects, and that it was adequately tested.

61.     Defendants breached expressed warranties with respect to the DaVinci robotic prostate surgery in the following ways:

a)     Defendants represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, surgeon training sessions, publications, notice letters, and regulatory submissions that the DaVinci Robotic prostate surgery was safe, and fraudulently withheld and concealed information about the substantial risks or serious injury and/or death associated with using monopolar current on the existing DaVinci robotic platform;

b)     Defendants represented that the DaVinci Robotic Prostate surgery was as safe and/or safer than alternative surgical methods, and fraudulently concealed information which demonstrated that the DaVinci robotic prostate surgery approach was not safer than alternatives available on the market; and,

c)     All Defendants represented that the DaVinci Robotic Prostate surgery was more efficacious than other alternative surgical methods, and fraudulently concealed information that it was not more efficacious than alternative surgical methods.

62.     DaVinci Robotic Prostate surgery does not conform to Defendant's express representations, because it is not safe, efficacious, has numerous serious unwarned-of side effects, causes severe and permanent injuries including death, and was not adequately tested.

Case ID: 120902972

63. The DaVinci Robotic Prostate surgery platform including the use of monopolar current did not perform as safely as an ordinary physician, as an agent of the patient, would have expected when used as intended or in a reasonably foreseeable manner.

64. Plaintiff Michael Grasso relied upon Defendant's express warranties, resulting in the Plaintiff's DaVinci Robotic Prostate surgery.

65. Plaintiff, after ascertaining through his own injuries that the DaVinci Robotic Prostate surgery violated express warranties, hereby supply notice to Defendant INTUITIVE SURGICAL INC. of same through the filing of this lawsuit.

66. As a direct and proximate consequence of Defendant's breach of express warranty and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, the Plaintiff sustained injuries and damages alleged herein.

67. By selling the said device, defendant made implied warranties of safety, merchantable quality, and fitness for use, which was breached when plaintiff Michael Grasso was injured during surgery.

68. As a further direct and proximate result of the acts of Defendant, Plaintiff suffered emotional distress.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendants individually, jointly, and severally for sums in excess of the local arbitration limits and in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of costs, pre-judgment interest, and post-judgment interest.

17

## COUNT V - BREACH OF IMPLIED WARRANTY
### Plaintiffs v. All Defendants

69.     Plaintiffs incorporate by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

70.     At all relevant and material times, Defendant manufactured, distributed, advertised, promoted, and sold the DaVinci Robot.

71.     At all relevant times, Defendant intended that the DaVinci Robot be used in the manner that the Plaintiff's surgeon in fact used it and Defendant impliedly warranted the product to be of merchantable quality, safe and fit for such use, and was adequately tested.

72.     Defendant breached various implied warranties with respect to the DaVinci Robot including the particulars:

a. Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that the DaVinci Robotic Prostate surgery platform was safe and fraudulently withheld and concealed information about the substantial risks of serious injury and/or death associated with using the DaVinci Robot with monopolar current;

b. Defendant represented that the DaVinci Robotic Prostate surgery with monopolar current was as safe and/or safer than other alternative surgical approaches that did not include the use of the DaVinci Robot, and fraudulently concealed information, which demonstrated that the DaVinci Robotic Prostate surgery was not safer than alternatives available on the market; and,

18

Case ID: 120902972

c. Defendant represented that the DaVinci Robotic Prostate surgery was as more efficacious than other alternative surgical approaches and techniques and fraudulently concealed information, regarding the true efficacy of the robotic prostate surgery with monopolar current.

73.     In reliance upon Defendant's implied warranty, Plaintiff's surgeon used the DaVinci Robotic Prostate surgery platform as prescribed and in the foreseeable manner normally intended, recommended, promoted, instructed, and marketed by Defendant.

74.     Defendant breached its implied warranty to Decedent in that the DaVinci Robotic Prostate surgery platform with monopolar current was not of merchantable quality, safe and fit for its intended use, or adequately tested.

75.     As a direct and proximate consequence of Defendant's breach of implied warranty and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, the Plaintiffs sustained injuries and damages alleged herein including pain and suffering.

76.     As a further direct and proximate result of the acts of Defendant, Plaintiffs suffered emotional distress and loss of consortium.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendants individually, jointly, and severally for sums in excess of the local arbitration limits and in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of costs, pre-judgment interest, and post-judgment interest.

### COUNT VI - UNJUST ENRICHMENT
### Plaintiffs v. Defendant, Intuitive Surgical, Inc.

77.     Plaintiffs incorporate by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

19

Case ID: 120902972

78.     At all times relevant to this action, Defendant designed, advertised, marketed, promoted, manufactured, distributed, supplied, and/or sold the DaVinci Robot for prostate surgery use.

79.     Plaintiff Michael Grasso' s hospital, Thomas Jefferson University Hospital, purchased the DaVinci Robot from the Defendant for the purpose of using it for Robotic Prostate surgery.

80.     Thomas Jefferson University Hospital purchased disposable and reusable instruments for the performance of Michael Grasso' surgery.

81.     Defendant has accepted payment from said aforementioned hospital for both the DaVinci robot used in Michael Grasso' surgery, but also for the routine maintenance and per surgery cost of additional items including disposable items.

82.     Michael Grasso did not receive the safe and effective surgical product for which he intended to purchase; nor did the hospital where Michael Grasso had his surgery.

83.     It is inequitable and unjust for Defendant to retain this money because the Plaintiff did not in fact receive the safe and efficacious surgical procedure Defendant represented DaVinci Robotic Prostate surgery to be.

WHEREFORE, Plaintiffs demand judgment against Defendant and seeks compensatory damages, and exemplary and punitive damages together with interest, the costs of suit and attorneys' fees and such other and further relief as this Court deems just and proper.

### COUNT VII - LOSS OF CONSORTIUM
### Plaintiffs v. All Defendants

84.     Plaintiffs incorporate by reference each a0nd every paragraph of this complaint as though set forth in full in this cause of action.

85.     As a direct consequence of the injuries to the bladder and ureter sustained by Michael Grasso

Case ID: 120902972

while undergoing a DaVinci Robotic Prostate surgery, and the pelvic pain, formation of a vesicovaginal fistula, frequent nocturea, pain with intercourse, loss of urine during intercourse, and the emotional consequences; Plaintiff, Mrs. Roseann Grasso, has been deprived the normal companionship, company, affection, regard, assistance, comfort, sexual relations, and emotional stability from her husband, Michael Grasso.

86.     These physical and emotional consequences of the injuries have negatively impacted the quality and caused undo hardship to the marriage relationship.

            WHEREFORE, Plaintiffs demand judgment against Defendants and seeks equitable relief, the costs of suit and attorneys' fees, and such other and further relief as this Court deems just and proper.


                                    LAYSER & FREIWALD, P.C.


                        By:     s/ Derek R. Layser
                                DEREK R. LAYSER
Dated: July 29, 2013            Attorney for Plaintiffs

Case ID: 120902972

## **VERIFICATION**

I, Derek R. Layser, attorney for plaintiffs in the foregoing action, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein made are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.


s/ Derek R. Layser
DEREK R. LAYSER

Dated: July 29, 2013